IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BILL ALLEN, #B81538, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-01028-SMY |
| | ) | |
| COUNTY OF WILLIAMSON, | ) | |
| NURSE MARILYN, | ) | |
| SCOTT ASHERMAN, | ) | |
| BENNIE VICK, | ) | |
| and UNKNOWN PARTY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Bill Allen, an inmate who is currently incarcerated at Big Muddy River Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that he was denied medical care in 2012-13 at Williamson County Jail in Illinois. Plaintiff now sues Williamson County and four of its officials for monetary damages.

### The Complaint

Specifically, the complaint alleges that Plaintiff is a heroin addict, who also suffers from high blood pressure (Doc. 1, p. 6). On October 2, 2012, he was arrested and detained at the Williamson County Jail ("Jail") in Illinois. At the time of his arrest, Plaintiff was addicted to heroin. He began suffering from symptoms of withdrawal soon thereafter. However, he received no medical treatment for these symptoms while staying in the Jail's observation room.

After his transfer to the general inmate population on October 5, 2012, Plaintiff saw "Nurse Marilyn" in the hallway. He informed her that he needed medication to regulate his

severe hypertension.   Nurse Marilyn indicated "that there was nothing that she could do" (Doc. 1, p. 6).

During an intake interview and examination approximately one week later, Plaintiff again informed Nurse Marilyn that he was suffering from severe hypertension (Doc. 1, p. 7). She noted that his blood pressure was high, but attributed this to his withdrawal from heroin. Nurse Marilyn instructed Plaintiff to have someone bring his medication to the Jail. Plaintiff informed her that this was not possible.   Still, Nurse Marilyn failed to provide Plaintiff with medication or refer him to another healthcare provider for proper care.

Plaintiff also informed Officer Scott Asherman that he needed medication to control his hypertension.   Officer Asherman told Plaintiff that he could meet with a physician for $10.00. Plaintiff agreed to pay this amount (Doc. 1, p. 8).   However, no appointment was scheduled.

Plaintiff filed numerous medical request slips and grievances between November 2012 and June 2013.  In response to these requests for medical care, his blood pressure was checked again.  However, no medication was prescribed.

By the time Plaintiff transferred to Menard Correctional Center ("Menard") on November 12, 2013, his blood pressure had reached "stroke level[s]."   Following an examination during intake, Plaintiff was transported to the hospital.   There, he remained for two days, until medication restored his normal blood pressure levels.

Plaintiff now sues Williamson County and four of its officials, including Bennie Vick (sheriff), Nurse Marilyn,[1] Officer Asherman, and an Unknown Party, for depriving Plaintiff of adequate medical care for his heroin withdrawal and hypertension during his detention at the Jail. Plaintiff seeks monetary damages (Doc. 1, p. 9).

---

[1] Plaintiff has identified this defendant only by her first name.

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.   Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.   *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  Upon careful review of the allegations, the Court finds that the complaint survives preliminary review under § 1915A.

<u>Discussion</u>

The complaint indicates that Plaintiff was arrested just before the events giving rise to this action, and medical care for his heroin withdrawal and hypertension was denied during his detention at the Jail.  As a preliminary matter, the Court notes that different constitutional protections extend to an arrestee (Fourth Amendment), pretrial detainee (Fourteenth Amendment), and prisoner (Eighth Amendment) in need of medical care. Because Plaintiff's status is not altogether clear from the allegations in the complaint, the Court will briefly address each legal standard below.

The Fourth Amendment "governs the period of confinement between arrest without a warrant and the [probable cause determination]."  *Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) (quoting *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992)). An "objectively reasonable" standard applies to medical care claims of arrestees, who have not yet had a probable cause hearing.  *Id.* (citations omitted).

The Fourteenth Amendment applies to medical claims of detainees.  *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000).  The Eighth Amendment applies to medical claims of prisoners.  However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'"  *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).  To state a medical claim, a detainee or prisoner must show that: (1) he suffered from an objectively serious condition which created a substantial risk of harm; and (2) the defendants were aware of that risk and intentionally disregarded it.  *Minix v. Canarecci*,

597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

The fact that the complaint lacks sufficient allegations to determine the applicable legal standard is not fatal to Plaintiff's medical needs claims. Plaintiff has "no duty to plead legal theories." *See Currie*, 728 F.3d at 629 (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *Aaron v. Mahl*, 550 F.3d 659, 666 (7th Cir. 2008)). He is simply required to include sufficient allegations to put the Court and Defendants on notice of his claims.

Further, regardless of which legal standard applies, the allegations support a medical needs claim against Nurse Marilyn and Officer Asherman. With regard to Plaintiff's hypertension claim (**Count 1**), the complaint alleges that the condition was "severe," and the failure to treat it resulted in "stroke level" blood pressure that necessitated his hospitalization. The complaint also alleges that Plaintiff informed two defendants, i.e., Nurse Marilyn and Officer Asherman, of the medical condition, and they took virtually no action to address his condition. Under each of the standards set forth above, **Count 1** survives threshold review and shall be allowed to proceed against Nurse Marilyn[2] and Officer Asherman.

Plaintiff's claim arising from heroin withdrawal (**Count 2**) is a closer call. Heroin addiction is, no doubt, serious and even life-threatening. Withdrawal from heroin can certainly be serious. With that said, the complaint is devoid of any allegations describing the symptoms that Plaintiff actually suffered as a result of his own withdrawal. It is therefore unclear how serious his particular symptoms were. However, because Nurse Marilyn opined that Plaintiff's high blood pressure was a symptom of his heroin withdrawal and then took no action

---

[2] Plaintiff will be required to amend his complaint to properly identify this defendant by her first and last names in the case caption, once he identifies her full name during the course of discovery. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

to address this or any other symptom, the Court will allow Plaintiff to proceed with **Count 2** against her at this time.  In doing so, the Court expresses no opinion regarding the ultimate merits of this claim.

The complaint states no claim against any other defendants, including Defendants Williamson County, Sheriff Vick, and John Doe.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  A policy, custom, or practice that results in a constitutional deprivation can also give rise to liability, if it was the driving force behind the deprivation.  Even under such circumstances, however, Plaintiffs are required to associate specific defendants with specific claims, so that Defendants are put on notice of the claims brought against them and can properly answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).

Defendants Williamson County, Sheriff Vick, and John Doe are only listed in the case caption and in the list of defendants.  The body of the complaint does not mention them.  The complaint also draws no connection between any of them and the alleged constitutional deprivation.  It certainly does not mention any specific acts of these defendants, let alone ones that deprived Plaintiff of a right to medical care.  More broadly, the complaint mentions no custom, policy, or practice that resulted in Plaintiff's deprivation of medical care.  Merely naming a defendant in the caption is insufficient to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Without notice of the claims against them, Defendants simply cannot answer the complaint or respond to Plaintiff's claims.

Based on the foregoing discussion, Plaintiff shall be allowed to proceed with **Count 1** against Nurse Marilyn and Officer Asherman, but **Count 1** shall be dismissed against Defendants Williamson County, Sheriff Vick, and John Doe.  Plaintiff shall also be allowed to proceed with **Count 2** against Nurse Marilyn, but **Count 2** shall be dismissed without prejudice against Defendants Asherman, Williamson County, Sheriff Vick, and John Doe.

### Pending Motion

Plaintiff has filed a motion for service of process at government expense (Doc. 3), which shall be **GRANTED, in part,** as it pertains to Defendants **NURSE MARILYN** and **SCOTT ASHERMAN**, and **DENIED, in part,** as it relates to all remaining defendants.

### Disposition

**IT IS HEREBY ORDERED** that Defendants **WILLIAMSON COUNTY** and **BENNIE VICK** are **DISMISSED** without prejudice from this action, based on Plaintiff's failure to state a claim against them upon which relief may be granted.

As to **COUNTS 1** and **2,** the Clerk of Court shall prepare for Defendants **NURSE MARILYN** and **SCOTT ASHERMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Plaintiff is required to name "Nurse Marilyn" with specificity in a properly amended complaint. Once he learns her full first and last name through discovery, Plaintiff shall file an amended complaint naming her as a defendant in the case caption and inserting her name where appropriate throughout the amended complaint.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including any expedited discovery that is required to properly identify "Nurse Marilyn." Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Frazier** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding the fact that his application to proceed *in forma pauperis* has been granted.   *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.   This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.   Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.   *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 21, 2014**

**s/ STACI M. YANDLE**
**U.S. District Judge**
