IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BILL ALLEN, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   Case No. 3:14-cv-01028-SMY-PMF |
| MARILYN REYNOLDS, et al., | ) ) ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

    Before the Court is defendant Scott Asherman's motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. No. 61). Plaintiff Bill Allen is challenging the conditions of his former detention at the Williamson County Jail between October, 2012, and November, 2013. The exhaustion defense was initially raised in Asherman's answer (Doc. No. 39). Plaintiff's response to Asherman's motion was due on November 12, 2015. A timely response was not filed. After the response was due, Allen filed a brief response indicating that he has no objection to Asherman's motion (Doc. No. 75).

    Initially, the Court notes that Asherman filed a reply (Doc. No. 70). The reply violates Local Rule 7.1 (requiring exceptional circumstances) and the undersigned's case management procedure. Accordingly, the reply (Doc. No. 70) is STRICKEN.

    The motion targets plaintiff's claim that Asherman responded with deliberate indifference his serious medical need for treatment of hypertension (part of Count 1). Detainees who are unhappy with aspects of their jail confinement are required to exhaust available administrative remedies before turning to the Court for a remedy. 42 U.S.C. §1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Failure to exhaust is an affirmative defense that must be pleaded and proved by the defendant. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). The jail's procedural rules establish the contours of the requirement. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In other words, to exhaust, inmates must filed complaints and appeals in the place and at the time

the jail's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Grievances are intended to give jail administrators an opportunity to address a concern. They do not need to place individual defendants on notice of an impending lawsuit. *Jones*, 549 U.S. at 218. The defendants may not demand that inmates take steps beyond those that the administrative rules require. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Similarly, inmates are not required to complete procedural steps that are effectively unavailable. *Id*.

During Allen's detention, the Williamson County Jail had a grievance procedure, requiring detainees to first attempt to resolve problems with staff informally before filing a "Prisoner Grievance Form" with the housing officer. From there, the procedure includes four steps, progressing from the housing officer to the shift sergeant, to the jail administrator, and ultimately to the sheriff. The sheriff's decision is the final step (Doc. No. 61-1, p. 10).

Allen filed only one prisoner grievance form, complaining about a condition unrelated to this case (Doc. No. 61-1, p. 13). He did not file a grievance describing defendant Asherman's alleged misconduct (Doc. No. 61-2, pp. 5; 61-3, p. 5). He elected not to pursue an administrative remedy regarding his medical needs because he anticipated that he would be separated from other detainees and held in isolation for medical observation (Doc. No. 61-2, p. 6). As noted above, Allen has no objection to the motion.

The Court is satisfied that defendant Asherman has carried his burden of proof on his affirmative defense. Therefore, the motion for summary judgment (Doc. No. 61) is GRANTED. Plaintiff's claim against Asherman (part of Count 1) is DISMISSED without prejudice for failure to exhaust administrative remedies.

SO ORDERED:
DATE: January 4, 2016

    s/ *Staci M. Yandle*
**STACI M. YANDLE**
**UNITED STATES DISTRICT JUDGE**