IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BILL ALLEN,

    Plaintiff,

v.

MARILYN REYNOLDS,

    Defendant.

Case No. 14-cv-1028-JPG-RJD

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the motion of *pro bono* counsel Stephen Milott's motion for out-of-pocket expenses in the amount of $ 716.98 (Doc. 115).   Milott is a colleague of James P. McCarthy, the *pro bono* counsel recruited for this case.   Reimbursement is at the discretion of the Court, taking into consideration the circumstances of the expenditure.   The Court is given pause by several aspects of the motion.

    First, Milott filed this motion on March 13, 2017, 49 days after entry of final judgment on January 23, 2017.   Under Local Rule 83.13, the motion was late:   "Motions for reimbursement out of the District Court Fund shall be made within 30 days from entry of judgment, or reimbursement is waived."   *See also* Plan for the Administration of the District Court Fund § 2.6 ("Any motion for reimbursement must be made within 30 days from the entry of judgment or reimbursement will be waived.").   Although the Court could find Milott's claim for reimbursement was waived because it was untimely, the Court is aware that Milott contributed substantial efforts to the resolution of this case and is willing to overlook a small delay.   Accordingly, the Court will not find the reimbursement waived.

    Second, one of the items Milott seeks to have reimbursed is his $ 226.00 fee to be generally admitted to practice in this district.   This is not the type of expense reimbursed by the Court but is

a normal part of overhead.   The Court therefore declines to reimburse that expense.

Third, Milott seeks reimbursement of $ 61.70 in PACER charges for access to various documents in the electronic case file for this case.   The Court declines to reimburse this fee. McCarthy was notified when he was recruited for this case that a PACER fee exemption was available, but neither he nor Milott requested it (Doc. 78).   The Court will not reimburse this avoidable expense.

Fourth, Milott arranged for service of subpoenas through various document servers at a cost of $ 222.00.   Such service was available at no charge through the United States Marshals Service in light of the fact that plaintiff Bill Allen was allowed to proceed *in forma pauperis* in this case.   However, the Court will allow reimbursement of that cost because Allen was not *required* to use the Marshals Service for service of documents and there are certain advantages to using document servers other than the Marshals Service.

Finally, the request for the balance of $ 207.28 is proper and will be allowed.

For these reasons, the Court **GRANTS** the motion for reimbursement (Doc. 115), but only in the amount of $ 429.28 rather than the full amount requested in the motion.

**IT IS SO ORDERED.**
**DATED:   March 16, 2017**

>                               s/ J. Phil Gilbert
>                               **J. PHIL GILBERT**
>                               **UNITED STATES DISTRICT JUDGE**